Thomas M. Melton (4999)
Daniel J. Wadley (10358)
Attorneys for Plaintiff
United States Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Tel.  801-524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

PLAINTIFF,

v.

PAUL R. BECKWITH

DEFENDANT,

and

PAUL R. BECKWITH dba BECKWITH CPA'S

RELIEF DEFENDANT.

Civil No. 1:10cv00162

Judge: Dale A. Kimball

**FINAL JUDGMENT AS TO DEFENDANT PAUL R. BECKWITH AND RELIEF DEFENDANT PAUL R. BECKWITH dba BECKWITH CPA'S**

Plaintiff Securities and Exchange Commission (the "Commission") filed a Motion for Disgorgement against Paul R. Beckwith ("Beckwith" or "Defendant") and Paul R. Beckwith dba Beckwith CPA'S ("Beckwith CPA's" or "Relief Defendant").  The Court entered an Order Imposing Injunctive Relief on October 14, 2010.  Docket No. 12.  The Commission seeks relief to recover funds misappropriated by Defendant Beckwith and Relief Defendant Beckwith CPA's.  Having reviewed the Commission's Motion, its Memorandum and exhibits thereto, the Court finds as follows:

**FINDINGS OF FACTS:**

1. Beckwith was an assistant controller for Theradoc, Inc. ("Theradoc"), a wholly-owned subsidiary of Hospira, Inc. ("Hospira"). As an assistant controller, Beckwith was charged with the management of Theradoc's financial records and disbursements.

2. Beckwith had signatory authority of Theradoc's operating account which was maintained at Chase Bank, NA.

3. In August 2010, Beckwith withdrew $1,100,000 from the TheraDoc operating account and transferred it to an account in which he controlled in the name of Beckwith CPA'S. Later in August, Beckwith returned $400,000 back into the TheraDoc operating account. In September 2010, Beckwith withdrew an additional $600,000 from the TheraDoc operating account. As such, at the time the Commission filed its complaint on September 27, 2010, against Beckwith, Beckwith had in his control, $1,300,000 of TheraDoc's funds.

4. On September 27, 2010, the Court issued an Asset Freeze Order, freezing funds belonging to Defendants. Docket No. 7. Pursuant to that asset freeze order, $1,121,119.26 was frozen. On December 15, 2010, the Court ordered that those funds be paid to Hospira. Docket No. 14 at p. 4.

5. On January 20, 2012, Beckwith pled guilty in the related criminal action, <u>U.S. v. Beckwith</u>, No. 2:10-cr-00899 (D. Utah, Sept. 29, 2010). As part of the criminal judgment entered against Beckwith he was ordered to pay $178,880.74 in restitution. Case 2:10-cr-00899, Docket No. 46.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(2)(A)] by providing substantial assistance to an issuer that has failed to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined and from violations of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Rule 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Relief Defendant are jointly and severally liable for disgorgement of $1,300,000, representing profits gained as a result of the conduct alleged in the

Complaint, but offsetting the disgorgement by $178,880.74, representing the amount Beckwith was individually ordered to pay as restitution in the related criminal action styled U.S. v. Beckwith, No. 2:10-cr-00899 (D. Utah, Sept. 29, 2010). Defendant and Relief Defendant have fully satisfied this disgorgement obligation by relinquishing all right, title and interest to the $1,121,119.26 that was transferred to the Court on or around December 14, 2010, from the TD Ameritrade in the name of Paul R. Beckwith.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 9, 2012.

                                              DALE A. KIMBALL  
                                              UNITED STATES DISTRICT JUDGE